IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNESTO SALVADOR MACIAS HERNANDEZ, | § § § | |
| Petitioner, | § § § | |
| v. | § | No. 3:26-cv-00736-L (BT) |
| | § | |
| SECRETARY OF DEPARTMENT OF HOMELAND SECURITY, et al. | § § § | |
| Respondents, | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Petitioner Ernesto Salvador Macias Hernandez's (Petitioner) Motion

for Temporary Restraining Order and Preliminary Injunction ("Motion") (Doc. 2) filed on March

6, 2026. After considering the Motion, pleadings, and applicable law, the Court **denies** Petitioner's

Motion (Doc. 2).

A temporary restraining order preserves the status quo at the time the lawsuit was filed and

prevents irreparable harm to the movant so that a court can "render a meaningful decision after a

trial on the merits." *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt. LLC*, No. 3:25-cv-1627-

X, 2025 WL 1869436, at *2 (N.D. Tex. July 7, 2025) (Starr, J.) (citing *Canal Auth. of Fla. v.*

*Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). To warrant the extraordinary relief of a temporary

restraining order, the movant must show:

> (1) A likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.

*Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

Preliminary relief should not "conclusively resolve legal disputes[,]" and thus a temporary restraining order is an inappropriate vehicle for granting ultimate relief. *Lackie v. Stinnie*, 604 U.S. 192, 200 (2025). A court cannot render ultimate relief sought in a habeas petition—releasing a detainee—in the form of a preliminary injunction or temporary restraining order. *See*, *e.g.*, *Torres Perez v. Warden of Prairieland Detention Center*, No. 3:26-cv-858, 2026 WL 776039, at *1 (N.D. Tex. Mar. 19, 2026) (Brown, J.).

Here, Petitioner does not seek to maintain the status quo pending resolution of his Habeas Petition (Doc. 1). Rather, he seeks immediate release from confinement, which is the ultimate relief sought in his Habeas Petition. *See* Doc. 1 at 1, 15; Doc. 2 at 1, 5. That would be an inappropriate use of injunctive relief. Accordingly, the court **denies** the Motion (Doc. 2). The Habeas Petition remains pending.

It is so ordered this 27th day of March, 2026.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 2**