IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNESTO SALVADOR MACIAS HERNANDEZ, | § § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-00736-L (BT) |
| | § | |
| SECRETARY OF HOMELAND SECURITY, ET AL., | § § | |
| Respondents. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Ernesto Salvador Macias Hernandez filed a habeas petition under 28 U.S.C. § 2241, challenging his immigration detention. Pet. (ECF No. 1). He sought release from confinement, as well as an order preventing his removal from the country or transfer to another facility during the pendency of his habeas case. Pet. at 7. But Petitioner was removed from the United States after filing his Petition. *See* Response to Pet. at 1 (ECF No. 11). Accordingly, the District Judge should **DISMISS** Petitioner's habeas petition as moot.

**Legal Standards and Analysis**

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot and no longer presents a case or controversy if an event occurs during the pendency of the action "that makes it impossible for the court to grant 'any effectual relief whatever' to the

prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992); *see also Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008)). Because mootness deprives the Court of subject matter jurisdiction, the Court can—indeed must—*sua sponte* consider whether intervening events such as removal from the country have mooted the issues presented in the habeas petition. *See*, *e.g.*, *Raphael O. v. U.S. Dep't of Homeland Sec.*, 2020 WL 13490738, at *1 (N.D. Tex. Feb. 21, 2020) (Toliver, J.), *rec. accepted* 2020 WL 13490739 (N.D. Tex. Mar. 23, 2020) (Boyle, J.).

Here, Petitioner challenged his detention in ICE's custody prior to his removal from the United States and sought an order preventing his transfer or removal during pendency of the habeas petition. *See* Pet. at 7, 16. But Petitioner was removed from the country and is no longer in ICE custody. *See* Response to Pet. at 1. Therefore, the Court cannot grant Petitioner the relief that he seeks and should dismiss his petition without prejudice as moot. *See*, *e.g.*, *Chay v. Holder*, 470 F. App'x 406, 06-07 (5th Cir. 2012) (per curiam); *United States v. Boston*, 419 F. App'x 505, 506 (2011) (per curiam) ("If the only relief sought by [a petitioner] cannot be granted, the case is moot."); *see also Oguntuyi v. Manuel*, 2025 WL 2399184, at *2 (W.D. La. July 21, 2005) ("Here, Petitioner challenged the lawfulness of his continued detention. Because Petitioner is no longer detained and has been removed from the United States, the § 2241 petition is moot."), *rec. accepted* 2025 WL 2398645 (W.D. La. Aug. 18, 2025).

## Recommendation

The District Judge should **DISMISS** Petitioner Ernesto Salvador Macias Hernandez's 28 U.S.C. § 2241 habeas petition as moot.

SO RECOMMENDED.

May 6, 2026.

_____

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

3